JOAQUÍN RAMOS, Plaintiff and Appellee, *v.* SELLÉS CASAS & Co., and SANTIAGO IGLESIAS SILVA, Defendants and Appellants.

No. 4236. Argued January 10, 1928.—Decided January 17, 1928.

*González Fagundo & González Jr.,* for defendants Sellés Casas & Co. *J. Vendrell* for Santiago Iglesias and Joaquín Ramos.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Sellés Casas & Co. signed a promissory note in favor of Santiago Iglesias Silva for $5,000 with Joaquín Ramos as surety. Iglesias indorsed the note to the American Colonial Bank and it was not paid. The American Colonial Bank brought an action of debt against the maker and the surety and recovered a judgment which was satisfied by the surety.

Then the surety brought this action against Sellés Casas & Co. and prayed for a judgment against the defendant

partnership for the sum that he had paid for the said partnership.

Sellés Casas & Co. answered and counter-claimed against Ramos. They moved also for the inclusion in the action of Santiago Iglesias Silva as a party defendant. The court granted their motion and then they filed against him a counter-complaint praying for a judgment for the amount claimed by Ramos from Sellés Casas & Co. and for the sum of $3,606.33 owing to the firm according to a balance shown by their books.

Summons was served on Iglesias and he did not enter appearance. Nor did he appear at the trial which was held with the appearance of the plaintiff and the defendant partnership. The court finally rendered judgment ordering that Sellés Casas & Co. pay to the plaintiff Ramos the sum of $5,654; that counter-defendant Ramos pay to Sellés Casas & Co. the sum of $1,591.05, and that counter-defendant Iglesias pay to Sellés Casas & Co. $3,606.33, plus $1,750 representing 35 percent of $5,000 which was illegally collected by Iglesias by reason of the bankruptcy of Sellés Casas & Co. notwithstanding his having indorsed the note to the American Colonial Bank.

Iglesias took the present appeal from that judgment on the ground that the court had no jurisdiction to render it (1) because the summons was void and (2) because it was the province of the clerk and not of the court to enter the judgment.

The appellee did not appear at the hearing on the appeal and has submitted no brief.

Let us examine the first assignment.

The summons referred to concludes as follows:

"*And you are hereby notified* that if you do not appear and answer the said complaint within ten days if the summons is served within the district, and within twenty days if served outside of the district but in Porto Rico, and within forty days if served elsewhere,

the plaintiff may recover judgment as prayed for in the complaint, as above stated.''

It is not sufficient because it does not comply with the requirements of subdivision 4 of section 89 of the Code of Civil Procedure, which says:

''4. In an action arising on contract, for the recovery of money, a notice that unless the defendant so appears and answers, the plaintiff will take judgment for the sum demanded in the complaint (stating it).''

In at least three cases (*Zapater* v. *Irizarry et al.,* 15 P. R.R. 526, *Vías* v. *Estate of Pérez et al.,* 15 P.R.R. 714, and *Freiría & Co.* v. *R. Félix Hermanos & Co.,* 20 P.R.R. 148) this court has held that the summons must follow the provisions of the statute in order that a judgment by default against the defendant may be entered.

The foregoing would be sufficient for disposing of the appeal. However, as the second assignment involves a question of practice which should not be overlooked, we wish to state that although it is provided by subdivision 1 of section 194 of the Code of Civil Procedure that ''In an action arising upon contract for the recovery of money or damages only, if no answer has been filed with the secretary of the court within the time specified in the summons, or such further time as may have been granted, the secretary, upon application of the plaintiff, must enter the default of the defendant, and immediately thereafter enter judgment for the amount specified in the summons, . . . .,'' and even if this were a case in which in accordance with the law it had been the province of the clerk to enter judgment, the court would not have lost its jurisdiction to intervene and render any judgment that might be proper. The rule is that the court renders the judgment. There is only the rare exception indicated and the clerk acts therein always under the immediate inspection of the court which has power to set aside, if necessary, the judgment entered by the clerk.

The judgment appealed from must be reversed in so far as the appellant Iglesias is ordered to pay $3,606.33 to defendants Sellés Casas & Co., and affirmed in all other particulars.